**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1) ALBERT SINGLETON
(Name of Plaintiff)    (Inmate Number)
P.O. BOX 999, 1120 Pike Street
Huntingdon, PA. 16652
(Address)

(2) _____
(Name of Plaintiff)    (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) CORRECTIONAL OFFICER SHEARER JR.

(2) CORRECTIONAL OFFICER Z MILLER

(3) CORRECTIONAL OFFICER T. PILOSI
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

1:17-CV-1027
(Case Number)

CIVIL COMPLAINT

FILED
HARRISBURG, PA
JUN 12 2017
DM

TO BE FILED UNDER:   ✓   42 U.S.C. § 1983 - STATE OFFICIALS
                    ____   28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  **PREVIOUS LAWSUITS**

  A.  If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

  N/A

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? _XX_ Yes ____ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? _XX_ Yes ____ No

C. If your answer to "B" is Yes:

1. What steps did you take? _I filed grievance, request slips, and a PREA Sexual Harassment complaint with the Department of Corrections_

2. What was the result? _The grievance was denied, PREA complaint was ruled Unsubstantiated, when the defendant's found out I received a false misbehavior report with a warning to drop it or else._

D. If your answer to "B" is No, explain why not: _____

## III. DEFENDANTS

(1) Name of first defendant: _Correction's Officer Shearer jr._
Employed as _Correction officer_ at _SCI-Rockview_
Mailing address: _P.O. BOX A, Bellefonte, PA. 16823_

(2) Name of second defendant: _Z. Miller_
Employed as _Correction Officer_ at _SCI-Rockview_
Mailing address: _P.O. BOX A, Bellefonte, PA. 16823_

(3) Name of third defendant: _T. Pilosi_
Employed as _Correction Officer (HEX)_ at _SCI-Rockview_
Mailing address: _P.O. BOX A, Bellefonte, PA. 16823_

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. _On December 22, 2016 as plaintiff returned from diet line and entered A-Unit at SCI-Rockview Plaintiff started to walk up the steps to his cell Defendant Shearer approached plaintiff and stated "Hey boo! What are you doing" Plaintiff responded CO_

2

"stop playing with me" As Plaintiff continued to go to his cell Defendant

2. Shearer suddenly reached through the steps and grabbed plaintiff's foot and smiled at plaintiff. Plaintiff then asked defendant Shearer Jr. "what's wrong with you!" Defendant Shearer smiled and replied "come find out" Plaintiff did not respond and just walked away. Later that night Defendant Shearer located plaintiff and order-ed plaintiff to come to him, as plaintiff approached defendant Shearer Jr. asked

3. plaintiff "what's up?" in a sexual toned voice and then started licking his lips slowly while still smiling, plaintiff than stated "what do you mean?. you on some freaky shit" Defendant Shearer replied "Yeah so, I like to get sucked and fucked and I have been watching you...and I think that you are cool,...this could be good for both of us". Plaintiff walked away in disbelief and fear of being

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff requests that this Honorable Court enter judgment in his favor and against all defendant's along with interest, attorney's fees and court costs and such other relief as this Honorable Court may deem just.

2. 

3.

sexually assaulted or retaliated on by other staff if plaintiff kept denying defendant shearer Jr. or if plaintiff reported it.

All night plaintiff tossed and turned to the point that he could not sleep, the next day (December 23, 2016) plaintiff reported defendant shearer Jr.'s actions to security lieutenant Monoskey and expressed his willingness to file a complaint against defendant shearer Jr. for sexual abuse.

Lieutenant Monoskey stated "if you really want to go this route we may have to lock you up for your safety" Plaintiff felt like this was a threat, but still chose to file a PREA complaint.

On December 27, 2016 plaintiff was called back to the security office by Lt. Selfridge, whereas Lt. Selfridge asked plaintiff to tell him what happen between defendant shearer and plaintiff.

Plaintiff wrote everything down and Lt. Selfridge stated that he will investigate, within seconds plaintiff was shown video footage of the first incident of sexual abuse were it showed defendant shearer Jr. said sexual things to plaintiff and grabbed plaintiff's foot.

After viewing the First video Lt Selfridge showed plaintiff video footage of the second incident were defendant Shearer Jr. said sexually explicit things to plaintiff, and came on to him.

Lt. Selfridge asked plaintiff to that the incident's on the video were infact the same incident's plaintiff wishes to report, and plaintiff confirmed that it was.

While the investigation was on going defendant shearer Jr. was still working on the unit were plaintiff was housed which place plaintiff in constant fear of being sexually assaulted or retaliated on.

On December 29, 2016 Lt. Selfridge called plaintiff back to his office (security) and asked plaintiff to submit an official report.

After plaintiff completed the report and returned to A-Unit, Sgt. Wagner stated "what was you doing over at security with Lt. Selfridge, telling on someone?"

3-A

After hearing what Sgt. Wagner said other inmates started calling plaintiff a CI (RAT) for the next three (3) days several inmates and Correctional Officers including Defendant Shearer Jr. repeatedly called plaintiff a Rat.

On or about January 2,2017 as plaintiff was entering his assigned cell,two (2) unknown inmates ran into plaintiffs cell an attacked plaintiff from behind,these inmates repeatedly punched plaintiff in the face,body and head,while being assaulted plaintiff overheard one of the attacker's say "Hold up...don't kill him shearer just said fuck him up".

When the assault ended and the inmates left plaintiff's cell,and as plaintiff laid on floor bleeding and in pain from the assault,plaintiff saw the silhouette of a correctional officer. As the correctional officer walked pasted plaintiff heard the officer say "don't tell...take it like a man",plaintiff responded "it's cool...I'm no Rat!".

On the night of January 16,2017 Defendant Miller informed plaintiff that "this is prison and he (plaintiff) would need officer Shearer ond day,and if he (Defendant Miller) was plaintiff he would just drop it!"

On January 17,2017 (in the morning) plaintiff met with A-Unit's Unit Manager Mr. Miller (not a defendant) and told Mr. Miller everything that took place between the defendant's plaintiff.

Unit Manager Miller informed plaintiff that he would look into it.

Plaintiff addressed his fears and concerns of retaliation by others to the Unit Manager of A-Unit who insured plaintiff that he (plaintiff) would not be subjected to retaliation on his watch.

Later that night (January 17,2017) while on A-Unit defendant Miller saw plaintiff and filed a false misbehavior report (DC-141) which caused plaintiff's personal property to be seized and plaintiff escorted to the Restricted Housing Unit (RHU).

On January 23,2017 plaintiff received a hearing for the false misbehavior report, whereas,plaintiff requested to have several witnesses at the hearing to prove his innocent's and the video of the alleged incident reviewed which all request were denied by Defendant Pilosi who stated "your witnesses nor the video are not needed because they would just lie

3-B

anyway".

Soon after Defendant T. Pilosi interviewed a Cpt.Sutton who did not remember the incident, Plaintiff once again requested to speak to Lt. Bloom (one of plaintiff's witnesses) which was denied again by Defendant T. Pilosi,who again refused to review the only video to the alleged incident.

Plaintiff informed Defendant T. Pilosi that the misbehavior report was indeed false, and that the report was only written in retaliation of plaintiff's PREA complaint against Defendant Shearer Jr..

Defendant T. Pilosi stated "maybe you shouldn't of filed the complaint",thereafter, plaintiff was found guilty of the false misconduct by Defendant T. Pilosi and received a sentence of ninety (90) days in Disciplinary Custody (DC) within the RHU.

Later, while plaintiff was housed within the RHU,plaintiff would hear over thirty (30) repeatedly bang on their cell door's,while yelling obscene language all day and night.

Several days later, plaintiff received his disciplinary hearing report that was filed by Defendant T. Pilosi,in this report plaintiff quickly noticed that the report was altered and filed a prompt grievance stating that he (plaintiff) never plead guilty, when infact plaintiff entered a not guilty plea.

Following the grievance plaintiff filed an appeal formally contesting Defendant T. Pilosi's false,altered report and decision.

Soon after filing the grievance and appeal plaintiff was transferred to SCI-Smithfield.

While being cuffed to be transferred plaintiff over heard two (2) SCI-Rockview correctional officer state that plaintiff needed to be transferred to SCI-Smithfield because plaintiff was causing trouble at SCI-Rockview.

This inflamed plaintiff and when plaintiff reached SCI-Smithfield he (plaintiff) filed an appeal with the Program Review Committee (PRC) explaining why he (plaintiff) believe's he is in the RHU,by telling PRC that defendant Miller filed the misconduct in retaliation for the PREA complaint against Defendant Shearer Jr..

SCI-Smithfield's Security Lt. Crum spoke with plaintiff and said he also would look into it and the grievances that was filed.

3-C

The filing of the grievance as set forth above, constitute conduct protected by the First Amendment to the United States Constitution.

On January 26, 2017 after the filing of PREA complaint, and the grievance relating to the sexual and physical assault on plaintiff, and the failure of SCI-Rockview personnel to provide adequate protection, plaintiff was transferred in-retaliation to the RHU at SCI-Smithfield.

This transfer deterred plaintiff from exercising his constitutional rights under the First Amendment.

Because plaintiff was transferred shortly after the filing of the PREA complaint and grievance's along with the assault there exists a suggestive temporal proximity between plaintiff's grievance's, the assault and the transfer that suggest a causal link between the events.

This deprivation of plaintiff's constitutionally protected rights is actionable pursuant to 42 U.S.C.§ 1983.

On March 3, 2017 plaintiff received the PREA investigation inmate notification report stating that only the second not the first incident was investigated (were Defendant Shearer grabbed plaintiff's foot).

On March 7, 2017 plaintiff met with SCI-Smithfield's Psychologist (Ms. Baxter) because the stress and fear of being assaulted, and the retaliation against plaintiff which keep's plaintiff from sleeping, whereas Ms. Baxter informed Dr. Quentin R Dolphin MD-418072 of plaintiff's condition and Dr. Dolphin after an evaluation prescribed plaintiff medication that would help plaintiff.

Plaintiff used internal prison procedures by filing several grievances, but the harm he has alleged has not been remedied.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this \_\_\_\_8th\_\_\_\_ day of \_\_\_\_June_____, 20_17_.

_____
(Signature of Plaintiff)